Ever Avonce MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–04–00941–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 18, 2006.

Discretionary Review Refused Sept. 27, 2006.

322

Emily Munoz–Detoto, Houston, for appellant.

Eric Kugler, Houston, for appellee.

Panel consists of Justices FROST, SEYMORE, and MIRABAL.*

## SUBSTITUTE OPINION

KEM THOMPSON FROST, Justice.

We overrule appellant Ever Avonce Moreno's motion for rehearing and grant his motion to publish. *See* Tex.R.App. P. 47.2(b). We withdraw the opinion issued in this case on February 21, 2006, and we issue the following opinion in its place.

Challenging his conviction for possession of a controlled substance (heroin) with the intent to deliver, appellant attacks the legal and factual sufficiency of the evidence, contends the trial court erred in admitting evidence of extraneous offenses, and asserts the State violated his due process rights by referring to his status as an illegal immigrant during closing argument in the punishment phase. We affirm.

### I. Factual and Procedural Background

On May 24, 2004, Officer Thomas Chapman with the narcotics division of the Houston Police Department was investigating appellant for suspected narcotics transactions. Officer Chapman had observed appellant over several days and had seen him complete what appeared to be a hand-to-hand transaction involving narcotics. He identified appellant and learned that he had three active municipal warrants for various traffic violations. Officer Chapman followed appellant and when he observed him committing another traffic violation, Officer Chapman called dispatch to get a uniformed patrol officer to stop appellant's vehicle.

Officer Louis Lopez heard the dispatch to stop appellant's vehicle and pulled his vehicle in behind appellant's vehicle.

* Senior Justice Margaret Garner Marabal sitting by assignment.

When appellant turned without using his turn signal, Officer Lopez activated the police vehicle's lights and siren, but appellant did not pull over to the side of the road. Officer Lopez then used his amplified speaker to demand, in both English and Spanish, that appellant pull over. Appellant refused. It was not until another police car pulled in front of appellant's vehicle and blocked the roadway that appellant finally stopped.

Officer Lopez approached appellant's car and ordered him to put up his hands. Officer Lopez testified that he had a difficult time seeing appellant because the windows on the car were heavily tinted. Appellant got out of his vehicle, but refused to put his hands behind his back. After a brief physical struggle, Officer Lopez wrestled appellant to the ground and handcuffed him.

Officer Chapman arrived at the scene and saw appellant throw a cigarette box on the ground. Two balls of black tar heroin were found inside that box. The officers, concluding the discovery of the narcotics gave them probable cause, then conducted a search of appellant's vehicle. This search yielded a container of heroin in tiny balloons as well as some cocaine, a pill bottle with five balloons filled with heroin, and another container with several balloons of heroin. The total weight of the heroin was 49.4 grams. Officer Chapman testified that the heroin was packaged as if it were ready to be sold, and the amount of heroin found in appellant's possession was consistent with distribution.

Appellant was charged with the felony offense of possession of less than 200 grams of heroin with the intent to deliver. He pleaded not guilty. A jury found appellant guilty of the charged offense and assessed punishment at twelve years' confinement.

## II. Issues

Appellant asserts the following points on appeal:

(1)-(2) The evidence is legally and factually insufficient to support the jury's finding that appellant intended to deliver the heroin found in his vehicle;

(3) The admission of Officer Chapman's testimony regarding the extraneous "narcotics transactions" was reversible error; and

(4) Appellant's due process rights were violated when the State referred to his status as an illegal immigrant and allegedly argued that this status warranted a stiffer punishment than probation.

## III. Analysis

### A. Is the evidence legally and factually sufficient to support the jury's finding that appellant intended to deliver the heroin found in appellant's vehicle?

In his first two issues, appellant contends that the evidence is legally and factually insufficient to prove his guilt of the charged offense. More specifically, appellant challenges the evidence supporting the "intent to deliver" component of his conviction.

In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.

App.1991). The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex.Crim.App.1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.Crim.App.1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim.App.1997).

In contrast, when evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence in a neutral light and inquire whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App.2004). A reviewing court may find the evidence factually insufficient in two ways. *Id.* First, when considered by itself, the evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, after weighing the evidence supporting the verdict and the evidence contrary to the verdict, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Id.* at 484–85. In conducting the factual-sufficiency review, we must employ appropriate deference so that we do not substitute our judgment for that of the fact finder. *Id.* at 481–82. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). In conducting a factual-sufficiency review, we must discuss the evidence appellant

claims is most important in allegedly undermining the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

A person commits the offense of possession with intent to deliver a controlled substance if he knowingly or intentionally possesses a drug with the intent to deliver it. TEX. HEALTH & SAFETY CODE ANN. § 481.113(a) (Vernon Supp.2002). "Possession" means actual care, custody, control, or management. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2002). The element of knowing possession requires evidence that the accused possessed the substance knowingly rather than fortuitously. *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995). The elements of possession may be proven by circumstantial evidence. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985).

"Deliver" means to transfer, actually or constructively, a controlled substance to another. TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (Vernon Supp. 2002). Intent to deliver a controlled substance can be proved by circumstantial evidence, including evidence that an accused possessed the contraband. *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.-Dallas 2004, no pet.); *Mack v. State*, 859 S.W.2d 526, 528 (Tex.App.-Houston [1st Dist.] 1993, no pet). Factors courts have considered include: (1) the nature of the location at which the accused was arrested; (2) the quantity of contraband in the accused's possession; (3) the manner of packaging; (4) the presence or lack thereof of drug paraphernalia (for either use or sale); (5) the accused's possession of large amounts of cash; and (6) the accused's status as a drug user. *Lewis v. State*, 664 S.W.2d 345, 349 (Tex.Crim.App. 1984); *Williams v. State*, 902 S.W.2d 505,

507 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). An oral expression of intent is not required. "Intent can be inferred from the acts, words, and conduct of the accused." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex.Crim.App.1995). Expert testimony by experienced law enforcement officers may be used to establish an accused's intent to deliver. *See Mack*, 859 S.W.2d at 529.

■ Despite appellant's contentions, it is not necessary that appellant be found with large amounts of cash to show intent to deliver. Such evidence is only one factor of many that we may consider. In this case, appellant was found in possession of two balls of black tar heroin and a significant number of heroin balloons. The search of appellant's vehicle yielded a container of heroin balloons as well as some cocaine, a pill bottle with five other balloons filled with heroin, and another container with several more balloons of heroin. Officer Chapman testified that the heroin was packaged as if it were ready to be sold, and the amount found in appellant's possession—49.4 grams—was consistent with distribution. Appellant was also in possession of unfilled balloons like those that were used as packaging material for the heroin, and there was no evidence that appellant was in possession of drug paraphernalia with which to consume the heroin. Moreover, appellant initially failed to stop for the police, struggled with them as they tried to effect an arrest, and then attempted to discard some of the contraband. *See Holloway v. State*, 525 S.W.2d 165, 167 (Tex.Crim.App.1975) (holding that evidence of flight from the scene of crime is a circumstance from which an inference of guilt may be drawn).

From this evidence, a jury rationally could have found, beyond a reasonable doubt, that appellant possessed this contraband with the intent to deliver and not solely for his personal use. *See Jordan v. State*, 139 S.W.3d 723, 726 (Tex.App.-Fort Worth 2004, no pet.) (holding that evidence was sufficient to show intent to deliver where (1) accused was arrested in a high-crime area where "drug houses" were located, (2) accused did not possess any drug paraphernalia indicating an intent to use, (3) two officers testified that packaging of the drugs, in capsule form and in individual bags, indicated an intent to sell, and (4) an experienced narcotics officer testified that the amount of narcotics in accused's possession indicated an intent to sell); *Misner v. State*, No. 04–03–00323–CR, 2004 WL 730838, at *3 (Tex.App.-San Antonio Apr. 7, 2004, pet. ref'd) (not designated for publication) (holding evidence legally and factually sufficient to show intent to deliver where officer testified that amount of heroin was consistent with a person intending to package and sell, and the record showed that heroin was divided into two separate containers); *Mack v. State*, 859 S.W.2d 526, 528 (Tex.App.-Houston [1st Dist.] 1993, no pet.) (holding that 8.9 grams of crack cocaine in 29 rocks in a known drug-dealing area without paraphernalia for smoking or otherwise using cocaine was sufficient to show intent to deliver). We conclude that the evidence is legally and factually sufficient to support appellant's conviction of possession of the heroin with the intent to deliver. Accordingly, we overrule appellant's first two issues.

**B. Was the trial court's admission of Officer Chapman's testimony regarding extraneous "narcotics transactions" reversible error?**

■ In his third issue, appellant argues that the trial court erred in admitting Offi-

cer Chapman's testimony regarding behavior evidence of appellant shortly before his arrest in this case. Officer Chapman testified that he had observed appellant over a period of several days and had seen him complete what appeared to be a hand-to-hand transaction involving narcotics. During this observation, appellant would drive to a location, park closely to another vehicle, money and objects would be exchanged, and then the vehicles would quickly separate. Appellant objected to this testimony at trial under Texas Rules of Evidence 403 and 404 on the stated grounds that this testimony constituted inadmissible extraneous-offense evidence. The trial court overruled appellant's objections.

We review a trial court's ruling on the admissibility of evidence under an abuse-of-discretion standard. *Mozon v. State*, 991 S.W.2d 841, 847 (Tex.Crim.App.1999). We reverse only if the ruling is outside the zone of "reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 388–90 (Tex.Crim.App.1990) (op. on reh'g). We must view the evidence in the light most favorable to the trial court's ruling, giving the trial court almost total deference on its findings of historical fact that find support in the record. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

An extraneous offense is not admissible unless (1) the transaction is relevant to a material issue in the case and (2) the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Mann v. State*, 718 S.W.2d 741, 743 (Tex.Crim.App.1986). Moreover, it is well-settled that extraneous-offense evidence, which is indivisibly connected to the charged offense, may be admissible to provide context for the offense. *Lockhart v. State*, 847 S.W.2d 568, 571 (Tex.Crim.App. 1992); *Mayes v. State*, 816 S.W.2d 79, 86–87 n. 4 (Tex.Crim.App.1991). When an offense is one continuous transaction, or is closely interwoven with the case on trial, proof of all such facts is proper. *Id.* Evidence of these extraneous offenses is admissible to show the context in which the criminal act occurred. *Id.* This context permits the jury to realistically evaluate the evidence because "crimes do not occur in a vacuum." *Wilkerson v. State*, 874 S.W.2d 127, 131 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd).

In the present case, appellant's actions in the days before his arrest, as described by Officer Chapman were part of the same criminal transaction that led to appellant's arrest. *See Nelson v. State*, 864 S.W.2d 496, 498–99 (Tex.Crim.App.1993). Officer Chapman's testimony regarding appellant's extraneous behavior was admissible to show the context in which the criminal act occurred, and this behavior was relevant to show that appellant had the intent to deliver. *See Swarb v. State*, 125 S.W.3d 672, 682 (Tex.App.-Houston [1st Dist.] 2003, pet. dism'd) (holding evidence of arrest warrant for extraneous drug delivery in a correction facility was admissible same-transaction contextual evidence in narcotics possession trial where evidence provided context to show why officers were searching for defendant and where trial court instructed jury that it could consider evidence only for informational purposes); *Payton v. State*, 830 S.W.2d 722, 726, 729 (Tex.App.-Houston [14th Dist.] 1992, no pet.) (holding that evidence that [appellant] sold cocaine approximately two days before his arrest was relevant to whether he possessed the cocaine with the intent to deliver). We conclude that the trial court did not abuse its discretion in ruling this evidence relevant and admissible as same-transaction contextual evidence, and in overruling appellant's objections to Officer Chapman's testimony.

Even if the trial court had erred in overruling these objections, appellant still could not prevail because the

record does not show that these rulings would be reversible error. Under Texas Rule of Appellate Procedure 44.2(b), we are to disregard any error unless it affects appellant's substantial rights. TEX.R.APP. P. 44.2(b). A substantial right is affected when the error had a substantial, injurious effect or influence on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). The weight of the evidence of appellant's guilt is relevant in conducting the harm analysis under Rule 44.2(b). *Motilla v. State*, 78 S.W.3d 352, 360 (Tex.Crim.App.2002). In this case, the evidence of guilt is overwhelming. Appellant was found in possession of two balls of black tar heroin and several balloons filled with additional heroin. The search of appellant's vehicle revealed another container of heroin in tiny balloons as well as some cocaine. Also located in the vehicle was a pill bottle with five balloons filled with heroin, and another container with several more balloons of heroin. There was no evidence that appellant was in possession of drug paraphernalia with which to consume the heroin. Moreover, appellant initially failed to stop for the police, struggled with them during the arrest, and then attempted to discard some of the contraband. Finally, the testimony in question amounted to only a few lines of the entire record. *See id.* at 359. We conclude that, even if the trial court erred in overruling appellant's objections, this error would not affect appellant's substantial rights. *See* TEX.R.APP. P. 44.2(b). Accordingly, we overrule appellant's third issue.

**C. Were appellant's due process rights violated when the State referred to his status as an illegal immigrant and allegedly argued that this status warranted a stiffer punishment than probation?**

In his fourth issue, appellant contends that his due process rights were violated when the State, during closing argument, referred to his status as an illegal immigrant and implied that appellant deserved greater punishment than probation because of this status. Appellant's issue is based on the following statements by the prosecutor during closing argument in the punishment phase:

You heard him testify that he walked over here, he walked across the border illegally. You know what he's going to do if you put him on probation? He's going to walk right back. That is no punishment at all. Even if he is put on probation, he can't meet the terms of his probation. He's here illegally, he's automatically in violation of the law. Automatically in violation of federal law by his mere presence because he is here illegally. He has to work faithfully at employment. He can't work if he is here illegally. He has to remain within a specified place. He's not going to do that . . .

He comes over here illegally and poisons our society with all these drugs. If he wants to deal heroin, why doesn't he go back to Mexico and do it in his own country instead [of] coming here and poisoning our citizens of Harris County and selling these drugs in our community?

I submit to you that as much dope as he had—he had over 50 grams of heroin. And you know what he deserves for 50 grams of heroin? He deserves 50 years in prison. Get him off the streets. It's not going to stop the problem, it's not going to end our drug problem in this country, but it's one more dealer off the street. There is a break in the chain right now because he is sitting right there. And we need to keep it that way.

Appellant failed to make a single objection to this jury argument during trial.

On appeal, he argues that no objection was necessary because his fundamental rights were violated. We disagree with appellant and conclude that to hold as appellant urges would be contrary to binding precedent. In *Cockrell v. State,* the Court of Criminal Appeals expressly overruled its prior precedents, in which it had held that a defendant does not waive an objection to jury argument by failing to obtain an adverse ruling thereon if an instruction to disregard could not have cured the erroneous jury argument. 933 S.W.2d 73, 89 (Tex.Crim.App.1996). The *Cockrell* court held that a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal. *See id.* The Court of Criminal Appeals has applied the *Cockrell* holding to closing arguments that allegedly violate the defendant's due process rights. *See Ladd v. State,* 3 S.W.3d 547, 569–70 (Tex.Crim. App.1999). Appellant does not cite to any post-*Cockrell* authority, nor can we find any that would support his position that there is an exception to *Cockrell* in this case.[1] Therefore, we hold that, even if the complained-of argument violated appellant's due process rights and even if it could not have been cured by an instruction to disregard, appellant failed to preserve error by his failure to voice an objection in the trial court. *See Threadgill v. State,* 146 S.W.3d 654, 670–71 (Tex.Crim. App.2004) (reaffirming the holding in *Cockrell* and expressly holding that be-

cause appellant failed to object to the allegedly improper jury argument, he forfeited his right to raise it on appeal even if such argument could not have been cured by an instruction); *Ladd,* 3 S.W.3d at 569–70; *Cockrell,* 933 S.W.2d at 89; *Campos v. State,* 946 S.W.2d 414, 417–18 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (following *Cockrell* and holding that although the prosecutor's arguments were improper, appellant failed to preserve error because he did not obtain a ruling on his request for an instruction to disregard). Accordingly, we overrule appellant's fourth issue.

Having overruled all of appellant's issues, we affirm the trial court's judgment.

---

1. We note that appellant has filed a letter brief in which he relies on *Allison v. State,* 157 Tex.Crim. 200, 248 S.W.2d 147 (1952). We conclude that this case is not on point because it is pre-*Cockrell* and because the defendant in that case objected to the closing argument in question and the trial court denied defendant's request for an instruction to disregard. *See Allison v. State,* 157 Tex.Crim. 200, 248 S.W.2d 147, 148 (1952). In his

letter brief, appellant also relies on *Bryant v. State,* 25 S.W.3d 924 (Tex.App.-Austin 2000, pet. ref'd) (holding trial court abused its discretion by denying motion for mistrial). We conclude that *Bryant* is not on point because it did not involve improper closing argument and because the defendant in that case preserved error by moving for a mistrial. *See Bryant,* 25 S.W.3d at 925–26.