Affirmed and Memorandum Opinion filed April 28, 2009








Affirmed and Memorandum Opinion filed April 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00618-CR

____________

 

WILLIE EARL PORTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 159th
District Court

Angelina County, Texas

Trial Court Cause No. 27,001-A

 



 

M E M O R A N D U M   O P I N I O N

Willie Earl Porter was convicted of possession of a
controlled substance and sentenced to confinement for one year in the State
Jail Division of the Texas Department of Criminal Justice.  Porter challenges
his conviction asserting that the evidence is legally and factually
insufficient to support the verdict.  We affirm.

 

 








Background

Porter was indicted for possession of less than one gram of
cocaine.  He waived a jury trial and proceeded to a bench trial at which
Officer Travis Strickland of the Lufkin Police Department was the sole
witness.  Officer Strickland testified that on October 3, 2006, he and a team
from the narcotics division executed a search warrant at 1927 Keltys Street in
Lufkin.  The warrant directed the officers to search for crack cocaine and any
other type of controlled substances.  

Upon arriving at the home, the officers looked inside and
saw two women sitting at a kitchen table and Porter sitting on a sofa in the
living room.  As the officers announced their presence and opened the door, one
of the women ran into a bedroom.  The officers ordered Porter to the ground and
detained him while Officer Strickland pursued the woman who had fled.  After
the occupants of the house were secured, the officers searched for crack
cocaine and other controlled substances.  They found three different types of
crack pipes with cocaine residue, a water and sewer bill in Porter=s name, a metal
crack cocaine pushrod, a brown wallet with cocaine residue, a clear plastic bag
and a red plastic bag containing cocaine residue, a green medicine bottle with
cocaine residue, and a police scanner.








Porter told Officer Strickland that he lived in the house,
but did not own it.  Another gentleman, nicknamed AA.D.,@ was reputed to
live in the house, but his residence was not confirmed.  The police found the
green bottle on the floor within Porter=s reach next to
the sofa where he was sitting.  Officer Strickland believed the brown wallet
was Porter=s because it was found on a nightstand in the bedroom
of the house where he was living.  On cross-examination, he admitted that the
wallet contained no identification.  He further testified that in his
experience, police scanners were commonly used in houses where drugs were being
sold and delivered so the occupants could obtain advance warning of the
execution of a search warrant.  On cross-examination, Officer Strickland
admitted that the house did not appear to have working electricity so the
scanner was most likely not being used at the time the warrant was executed. 
Before executing the search warrant, officers conducted surveillance on
appellant=s house and observed a high volume of traffic,
vehicles in the driveway, heavy foot traffic, and known prostitutes coming and
going from the residence.

The trial court found Porter guilty of possession of a
controlled substance and assessed punishment at one year in state jail.  In a
single issue, Porter contends the evidence is legally and factually
insufficient to sustain a conviction.

Analysis

A.      Standard
of Review

In a legal-sufficiency review, we view all the evidence in
the light most favorable to the verdict and determine whether a trier of fact
could not have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, (1979); Bigon v. State,
252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  The trier of fact is the exclusive
judge of the credibility of witnesses and of the weight to be given to their
testimony. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998). 
Likewise, reconciliation of conflicts in the evidence is within the exclusive
province of the fact finder. Id.  We must resolve any inconsistencies in
the testimony in favor of the verdict.  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).








When reviewing a factual‑sufficiency challenge, we
view all the evidence neutrally.  See Cain v. State, 958 S.W.2d 404, 408
(Tex. Crim. App. 1997).  We may set aside the verdict if the evidence is so
weak that the verdict is clearly wrong and manifestly unjust or if the verdict
is against the great weight and preponderance of the evidence.  Watson v.
State, 204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006).  We must not,
however, intrude upon the fact finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  See
Fuentes v. State, 991 S.W.2d 267, 271-72 (Tex. Crim. App. 1999).  We may
disagree with the fact finder=s conclusions; however, we must avoid
substituting our judgment for that of the fact finder, particularly in matters
of credibility.  See Watson, 204 S.W.2d at 417.

B.      Possession

To establish unlawful possession of a controlled substance,
the evidence must show appellant knowingly exercised care, control, or
management over the controlled substance, was conscious of his connection with
it, and knew what it was.  Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995); Tex. Health & Safety Code ' Ann. 481.002(38),
481.115 (Vernon 2003). Evidence that affirmatively links the accused to the
controlled substance suffices for proof that he possessed it knowingly.  Brown,
911 S.W.2d at 748.  The element of possession may be proved by circumstantial
evidence.  Moreno v. State, 195 S.W.3d 321, 325 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d). 








Because Porter was not in exclusive possession of the
residence where the contraband was found, the State must affirmatively link him
to the contraband.  See Evans v. State, 202 S.W.3d 158, 161B62 (Tex. Crim.
App. 2006).  The following factors are evidence of affirmative links between a
defendant and contraband: (1) the defendant=s presence when a
search is conducted; (2) whether the contraband was in plain view; (3) how
close and accessible the drugs were to the defendant; (4) whether the defendant
was under the influence of narcotics when arrested; (5) the defendant=s possession of
other contraband or narcotics when arrested; (6) any incriminating statements
the defendant made when arrested; (7) whether the defendant made furtive
gestures or attempted to flee; (8) an odor of contraband; (9) the presence of
other contraband or drug paraphernalia; (10) the defendant=s ownership or
right to possess the place where the drugs were found; (11) whether the place
where the drugs were found was enclosed; (12) the defendant=s possession of a
large amount of cash; (13) any conduct by the defendant indicating a
consciousness of guilt.  Olivarez v. State, 171 S.W.3d 283, 291 (Tex.
App.CHouston [14th
Dist.] 2005, no pet.).  

Affirmative links are established by the totality of the
circumstances.  Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).  AThe >affirmative links
rule= is designed to
protect the innocent bystander from conviction based solely upon his fortuitous
proximity to someone else=s drugs.@  Poindexter v.
State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  AThis rule simply
restates the common‑sense notion that a personCsuch as a father,
son, spouse, roommate, or friendCmay jointly
possess property like a house but not necessarily jointly possess the
contraband found in that house.@  Id. citing United States v.
Smith, 930 F.2d 1081, 1086B87 (5th Cir. 1991)).








Porter argues the evidence is insufficient because he was
not in exclusive control of the premises; therefore, the State did not
sufficiently link him to the contraband, specifically, the green medicine
bottle, which contained cocaine residue.  While Porter indeed did not
exclusively possess the residence, there was evidence of several additional
facts and circumstances that demonstrate his knowledge and control over the
medicine bottle.  The medicine bottle was in plain view on the floor and
readily accessible to him.  See Poindexter, 153 S.W.3d at 409 (an
affirmative link exists when contraband is in plain view).  Porter=s name was on a
utility bill found at the house and he admitted he lived at the house.  This
indicates that Porter had a right of possession to the place where the
contraband was found.  See id. at 411 (utility bill addressed to
defendant along with photograph of defendant found in the house supported
inference that defendant lived in the house).  Further, drug paraphernalia
consisting of three crack pipes and a metal pushrod used in smoking cocaine
were present at the house in plain view.  See Joseph v. State, 897
S.W.2d 374, 376 (Tex. Crim. App. 1995) (presence of drug paraphernalia in home
with contraband supported conclusion that defendant knew he possessed
cocaine).  Officer Strickland also testified that he observed activity at the
house that, in his opinion, was consistent with narcotics trafficking.  

Viewing the evidence in the light most favorable to the
verdict, we conclude that the factors affirmatively linking Porter to the
cocaine and the logical inferences that may reasonably be drawn from these
factors together provide legally sufficient evidence that appellant possessed
the cocaine. We further conclude that the verdict is not so against the great
weight and preponderance of the evidence as to be manifestly unjust, and the
proof of guilt is not so weak as to undermine confidence in the court=s determination. 
Porter=s sole issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

 

/s/      Jeffrey V. Brown

Justice

 

 

 

 

Panel consists of
Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).