

IN THE

TENTH COURT OF APPEALS

No. 10-07-00309-CR

**KELVIN KIANTA BROOKS,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2007-844-C1

**MEMORANDUM OPINION**

Kelvin Kianta Brooks was charged with the offenses of possessing with intent to deliver more than four but less than 200 grams of crack cocaine and possession of a controlled substance (ecstasy). TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.116 (Vernon Supp. 2009). A jury convicted Brooks of both offenses and assessed punishment at twenty-five years and ten years in prison, respectively.[1]

---

[1] The memorandum opinion issued by this Court involved both convictions in Cause Numbers 10-07-00309-CR and 10-07-00310-CR. However, only the conviction in No. 10-07-00309-CR (possession with intent to deliver crack cocaine) was included in the opinion on the petition for discretionary review issued by the Court of Criminal Appeals. Therefore, this opinion relates only to No. 10-07-00309-CR.

On direct appeal, this Court found that the evidence was legally sufficient to sustain Brooks' convictions, but reversed the judgment on the possession with intent to deliver crack cocaine on the ground that the evidence was factually insufficient for the jury to have determined that Brooks possessed the crack cocaine with the intent to deliver. *See Brooks v. State*, No. 10-07-00309-CR, 2008 Tex. App. LEXIS 7364 at *11 (Tex. App.—Waco Oct. 1, 2008) (mem. op., not designated for publication). However, the Court of Criminal Appeals determined that the only standard for determining the sufficiency of evidence is the standard set forth in *Jackson v. Virginia* and a complaint alleging factual insufficiency is no longer valid. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) Accordingly, the Court of Criminal Appeals reversed this Court's judgment and remanded the case to this Court for a reconsideration of the sufficiency of the evidence using the *Jackson v. Virginia* standard. On remand, we affirm.

We directed the parties to supplement their briefing and now again address Brooks's contentions and the record under the standard outlined in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

In the Texas Court of Criminal Appeals's disposition of *Brooks*, the Court stated its reasoning for the necessity of a remand:

> [W]e could decide that the court of appeals necessarily found that the evidence is legally insufficient to support appellant's conviction when it decided that the evidence is factually insufficient to support appellant's conviction. However, primarily because the 'confusing' factual-sufficiency standard may have skewed a rigorous application of the *Jackson v. Virginia* standard by the court of appeals, we believe that it is appropriate to dispose of this case by sending it back to the court of appeals to reconsider

the sufficiency of the evidence to support appellant's conviction under a proper application of the *Jackson v. Virginia* standard.

*Brooks*, 323 S.W.3d 893, 2010 Tex. Crim. App. LEXIS 1240, at *58.

## *Standard of Review for Sufficiency*

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks,* 323 S.W.3d at 899. We consider all of the evidence admitted at trial, even improperly admitted evidence, when performing this sufficiency review. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the jury's determinations of the witnesses's credibility and the weight to be given their testimony because the jury is the sole judge of those matters. *Brooks*, 323 S.W.3d at 899.

## *The Facts*

The evidence showed that two police officers went into a bar to investigate a report that someone matching Brooks's description was there with a gun. The officers asked Brooks to step outside, but Brooks ran from the officers. He was seen throwing two baggies toward a pool table just before he was tased by one of the officers. One baggie was located under the pool table. A second baggie was found in the ball return of the pool table. The first baggie contained a small amount of marijuana (about 3 grams). The other baggie contained two other baggies—one held 4.72 grams of crack cocaine and the other held six ecstasy tablets that weighed 1.29 grams. Brooks also had

a cell phone and, according to one of the officers, "a couple of dollars." Brooks testified at trial that he had "like $30 or $40" on him. At that time, Brooks did not appear to be under the influence of narcotics, and he was not in possession of any drug paraphernalia that could have been used for smoking crack cocaine. No gun was located. The police gave Brooks's cell phone and money to an acquaintance of Brooks before they took him to jail.

An experienced Waco Police Department drug-enforcement investigator (Thompson) testified that the bag containing the 4.72 grams of crack cocaine contained "two larger size rocks and then maybe a smaller one" and a useable amount of "crumbs." He testified that each of the two large rocks weighed at least two grams and the other one weighed "a gram and a half or something like that." Thompson testified that "he would say" that 4.72 grams was a "dealer amount," which could have been cut up into 23 or 24 rocks using a thumbnail or sharp object. He testified that 4.72 grams of crack cocaine is worth about $470.

Thompson stated that a "typical quantity" that a dealer would have would be more than two rocks and that he "would think" that someone with more than a gram would be a dealer. Thompson testified that it is not "typical" for drug users to be in possession of a large amount of drugs. He rarely had encountered many people that are users that have more than one or two small rocks in their possession because they generally use it as soon as they get it. Thompson also testified that typically, most crack cocaine users would have some type of paraphernalia in their possession with which to

smoke the crack cocaine. He further stated that typically dealers do not carry paraphernalia because they do not generally use their product.

Thompson described other factors which could indicate that a person is a dealer: (1) possession of five, ten, or twenty dollar bills; (2) names in the person's cell phone; (3) possession of some document identifying who owes what; (4) possession of a weapon; or (5) others observed the person trying to sell drugs. Because the money and the cell phone were not retained by the arresting officers, and therefore could not be searched or introduced as evidence, none of these types of evidence were introduced in Brooks's case. Thompson also acknowledged that a person could possess 4.72 grams of crack cocaine for friends or for personal use over the course of several days.

Brooks testified that he possessed only the baggie containing the marijuana, and denied possessing the baggies containing the crack cocaine and the ecstasy pills. However, he admitted that the baggie containing the crack cocaine and ecstasy was packaged the same as the baggie containing the marijuana. Brooks admitted that he has two prior convictions for possession of cocaine and another prior conviction for possession with intent to deliver cocaine. As to these prior convictions, no limiting instruction was requested at the time the evidence was admitted, however, the jury was instructed in the charge that it could have considered these extraneous offenses "in determining the intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake or accident by the Defendant, if any, in connection with the offenses, if any, alleged against him in the indictment in this case, and for no other purpose."

*Possession with Intent to Deliver*

A person commits the offense of possession with intent to deliver a controlled substance if he knowingly or intentionally possessed a quantity of the controlled substance with the intent to deliver it. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp. 2009); *Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Nhem v. State*, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.). "In a possession with intent to deliver case, the State must prove that the defendant: (1) exercised care, custody, control, or management over the controlled substance; (2) intended to deliver the controlled substance to another; and (3) knew that the substance in his possession was a controlled substance." *Nhem*, 129 S.W.3d at 699. Intent to deliver may be established by expert testimony, such as testimony from experienced law enforcement, and circumstantial evidence, such as evidence of an accused's possession of the contraband. *Moreno*, 195 S.W.3d at 325; *Ingram v. State*, 124 S.W.3d 672, 675-76 (Tex. App.—Eastland 2003, no pet.). "Inferences can be made from the conduct of the defendant as well as the amount of the controlled substance possessed and the manner in which it was possessed." *Ingram*, 124 S.W.3d at 675-76. Other circumstantial factors which may establish intent include: "(1) the nature of the location at which the accused was arrested; (2) the quantity of contraband in the accused's possession; (3) the manner of packaging; (4) the presence or lack thereof of drug paraphernalia (for either use or sale); (5) the accused's possession of large amounts of cash; and (6) the accused's status as a drug user." *Moreno*, 195 S.W.3d at 325-26; *Erskine v. State*, 191 S.W.3d 374, 380 (Tex. App.—Waco 2006, no pet.). The logical force

the factors have in proving the elements of the offense is more important than the number of factors present. *Moreno*, 195 S.W.3d at 326. Further, intent is a question of fact that is determined by the trier of fact. *Ingram*, 124 S.W.3d at 676.

The State argues that the following evidence constitutes evidence of intent to deliver: (1) both the bag of marijuana and the bag of cocaine were packaged in the same manner; (2) Brooks was not in possession of any drug paraphernalia for either use or sale; (3) Thompson testified that users typically carry some type of heating element, such as a crack pipe, but dealers do not; (4) at the time of his arrest, Brooks was not under the influence of a narcotic; (5) Brooks has a previous conviction for possession with intent to deliver; (6) Brooks attempted to evade capture and discarded contraband in the process; and (7) Brooks was found in possession of three different types of drugs.

*Analysis*

There were more drugs found than a user would normally take at one time (more than 20 "servings"), there were three separate types of drugs being held by Brooks, there was evidence that Brooks was not using or did not appear to be under the influence of any of the drugs that were found when he was arrested, there was evidence that Brooks did not have in his possession the tools necessary to ingest the crack cocaine himself, and an expert opined that this evidence was, in his opinion, consistent with what a dealer would have in his possession. The logical inference to be drawn from this set of facts is that the drugs were possessed with the requisite intent to deliver.

The jury observed the witnesses and made its credibility determinations. We are required to give deference to the trier of fact to "fairly resolve conflicts in the testimony,

to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. at 319. The jury could have believed the opinion of Thompson, an experienced law enforcement officer, that Brooks possessed the crack cocaine with the intent to deliver it, taken with the other circumstances present, and could have determined that Brooks was not a credible witness.

Viewing the evidence in a light most favorable to the jury's verdict, we find that the evidence was sufficient for the jury to have determined that Brooks possessed the crack cocaine with the intent to deliver. We overrule issue one.

*Conclusion*

We find that the evidence was sufficient under the *Jackson v. Virginia* standard to sustain the conviction. We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed February 16, 2011
Do not publish
[CRPM]