Affirmed and Memorandum Opinion
filed April 5, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00380-CR



Wendy Leeann
Mitchell-Vrtis, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 337th District Court

Harris County, Texas

Trial Court
Cause No. 1212413



 

MEMORANDUM OPINION

A jury convicted appellant Wendy LeeAnn
Mitchell–Vrtis of one count of possession of one to four grams of cocaine, see
Tex. Health & Safety Code Ann.
§ 481.115(c) (West 2010), and the trial court sentenced her to eight years’
imprisonment, suspended for eight years of community supervision.  In a single
issue, appellant argues that the evidence is legally insufficient to sustain her
conviction.  We affirm.

Background

One night in April 2009, Harris County Sheriff’s
Office Deputy Kevin Stegint observed appellant’s truck traveling with a
defective headlamp and missing a front license plate.  He initiated the stop by
activating his emergency lights, and appellant pulled over immediately.  He
noticed that there were two passengers in the vehicle, including one in the
front passenger’s seat and one in the rear on the passenger’s side.  He saw no
movement inside the vehicle.  With his vehicle-mounted spotlight activated and
pointed at the driver’s side of the vehicle, Deputy Stegint approached the
vehicle on the driver’s side and spoke to appellant through her open window.

Because appellant’s breath had a mild odor of alcohol
when she spoke, Deputy Stegint asked appellant to exit the vehicle with the
intent of performing a field sobriety test.  As she exited the vehicle, however,
he observed an off-white rock substance located on the bottom doorsill closer
to the edge of the door than the foot pedals.  He believed the substance was
crack cocaine.  At that point, he handcuffed appellant and moved her to his
patrol vehicle.  The driver’s side door remained open.

Appellant consented to a search of the vehicle, which
she owned, and Deputy Stegint returned to the vehicle to perform the search.  He
discovered six additional rocks of crack cocaine, wrapped in clear plastic, inside
a map pocket of the open door on the driver’s side of the vehicle.  A forensic
chemist with the Harris County Medical Examiner’s Office later confirmed that
the rocks contained cocaine and weighed 1.35 grams.

After arresting appellant, Deputy Stegint learned
there was an outstanding warrant for one of the passengers, Morgan Williams.  After
he placed Williams into custody, she had a seizure, and she was brought to a
hospital.  She confessed to using cocaine and tested positive for the
substance.

Standard of Review

When reviewing the sufficiency of the evidence, we
view all of the evidence in the light most favorable to the conviction and
determine, based on that evidence and any reasonable inferences from it,
whether any rational fact finder could have found all of the elements of the
offense beyond a reasonable doubt.  Isassi v. State, 330 S.W.3d 633, 638
(Tex. Crim. App. 2010); Williams v. State, 235 S.W.3d 742, 750 (Tex.
Crim. App. 2007); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979). 
The jury is the exclusive judge of the credibility of witnesses and the weight
to be given their testimony.  See Isassi, 330 S.W.3d at 638.  Further, we
defer to the jury’s responsibility to fairly resolve or reconcile conflicts in
the evidence.  Id.  Finally, we draw all reasonable inferences from the
evidence in favor of the verdict.  Id.

Analysis

Appellant argues that the evidence is insufficient to
prove that she knowingly possessed a controlled substance.  To prove unlawful
possession of a controlled substance, the State must show that the accused
intentionally or knowingly possessed the substance—that is, the accused knew of
its existence and exercised actual care, custody, control, or management over
it.  See Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  When, as here, the
controlled substance is not in the exclusive control of the defendant in the
place or premise where it is found, the State must make a showing of links
between the accused and the controlled substance.  Evans, 202 S.W.3d at
162 (“Mere presence at the location where drugs are found is . . .
insufficient, by itself, to establish actual care, custody, or control of those
drugs.”).  The term links is used “merely as a shorthand catch-phrase
for a large variety of circumstantial evidence that may establish the knowing
‘possession’ or ‘control, management, or care’ of some item such as contraband.” 
Id. at 161 n.9.

The Texas Court of Criminal Appeals has identified a
nonexclusive list of links.  See id. at 162 & n.12.[1]  The State
need not establish all of the links.  See Moreno v. State, 195
S.W.3d 321, 326 (Tex. App.—Houston [14th Dist.] 2006, pet ref’d) (“[T]he number
of factors present is not as important as the logical force the factors have in
establishing the elements of the offense.”).  Fundamentally, the goal of the
analysis of links is to protect an “innocent bystander—a relative, friend, or
even stranger to the actual possessor—from conviction merely because of his
fortuitous proximity to someone else’s drugs.”  Evans, 202 S.W.3d at 161–62.

Five of the factors provide strong links between
appellant and the controlled substance.  First, appellant owned the vehicle in
which the drugs were found.  Second, the drugs in the door compartment were in a
quasi-enclosed space near appellant.  Third, appellant was in close proximity
to the drugs—in fact, she was the person closest to the drugs.  She had access
to the driver’s side-door compartment, and Deputy Stegint did not observe
movement inside the vehicle.  Fourth, the first crack rock that Deputy Stegint
discovered was in plain view near appellant.  Fifth, appellant was present when
the search was conducted.  Moreover, once appellant exited the vehicle, her car
door remained open, and the map pocket was less accessible to the passengers
than it was before the initial stop.  The evidence, viewed in the light most
favorable to the conviction, supports the reasonable inferences that (1) no one
other than appellant initially accessed the area of the first rock of cocaine
before or during the stop and (2) no one other than appellant accessed the
other six rocks of cocaine during the stop.

In a case similar to this one, this court upheld a
conviction for possession of cocaine, finding sufficient links to the defendant. 
See Bailey v. State, No. 14-96-01059-CR, 1999 WL 212067, at *1 (Tex.
App.—Houston [14th Dist.] Apr. 8, 1999, no pet.) (not designated for
publication).  The defendant in Bailey challenged his conviction for
legal insufficiency when police stopped him and a passenger for a missing
license plate and later observed a rock of crack cocaine in the middle of the
vehicle’s floorboard in plain sight.  Id.  There, as here, the defendant
was completely cooperative.  See id. at *2.  There, as here, the cocaine
was on the defendant’s side of the vehicle.  Id. at *1.  There, the
defendant was a co-owner of the vehicle; here, appellant was the sole owner of
the vehicle.  Id.

The only distinguishing evidence in this case is the
fact that Williams, a passenger, was actually under the influence of cocaine at
the time of this traffic stop.  However, this evidence does not operate to
exonerate appellant.  Control over the cocaine can be jointly exercised by more
than one person.  McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim.
App. 1985).  Therefore, the fact that Williams was under the influence of
cocaine does not break the link established by the circumstantial evidence that
appellant exercised actual care, custody, control, or management over the
cocaine.  Cf. McCowan v. State, No. 01-01-00268-CR, 2002 WL 221750, at
*1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2002, pet ref’d) (holding the evidence
was sufficient to support the conviction for cocaine possession by the driver
of a vehicle when cocaine was discovered in the driver-side door pocket, the
police officer did not see either of the two passengers try to put anything in
the driver-side door pocket, and one of the passengers had cocaine on her
person and was also arrested for possession).

The logical force of the evidence supports the
conclusion that appellant knew of the cocaine’s existence and exercised actual
care, custody, control, or management over it.  Upon consideration of the links
present and those absent, we conclude that a rational jury could have found the
elements of this offense beyond a reasonable doubt.

We overrule appellant’s sole issue and affirm the
trial court’s judgment.

 








                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
These links are as follows: (1) whether the defendant was present when a search
was conducted; (2) whether the contraband was in plain view; (3) the
defendant’s proximity to and accessibility of the narcotic; (4) whether the
defendant was under the influence of narcotics when arrested; (5) whether the
defendant possessed other contraband or narcotics when arrested; (6) whether
the defendant made any incriminating statements when arrested; (7) whether the
defendant made furtive gestures or attempted to flee; (8) whether there was an odor
of contraband; (9) whether other contraband or drug paraphernalia were present;
(10) whether the defendant owned or had the right to possess the place where
the drugs were found; (11) whether the place where the drugs were found was
enclosed; (12) whether the defendant was found with a large amount of cash;
(13) whether the conduct of the defendant indicated a consciousness of guilt.  Evans,
202 S.W.3d at 162 n.12.