

IN THE
TENTH COURT OF APPEALS

No. 10-14-00226-CR

STEPHEN KENNETH LANE SELLERS,

                                        Appellant

 v.

THE STATE OF TEXAS,

                                        Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-2242-C1

MEMORANDUM OPINION

Stephen Kenneth Lane Sellers was convicted of possession with the intent to deliver a controlled substance, that being methamphetamine, and sentenced to 40 years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (a), (c) (West 2010). Because the evidence was sufficient to support the conviction, the trial court's judgment is affirmed.

**BACKGROUND**

Waco Police Department Officer Cassie Price was patrolling a specific area of

town in the early morning hours looking for a suspect in a recent burglary. When she arrived at the area of the burglary, she turned off her headlights and noticed a man walking down the middle of the street. She turned on her headlights and the man ducked behind a parked car. She activated her overhead lights and the man emerged from behind the car, holding a knife and cell phone in one hand and a cigarette in the other. The man, who was identified as Sellers, was eventually arrested on an outstanding warrant. When the location where he had been hiding was searched after his arrest, a pouch containing a sellable amount of methamphetamine and delivery paraphernalia was found. Sellers was later charged with possession with the intent to deliver methamphetamine.

SUFFICIENCY OF THE EVIDENCE

In two issues on appeal, Sellers asserts that the evidence was insufficient to show that he possessed or intended to deliver a controlled substance or that he used or exhibited a deadly weapon.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony,

> to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

*Possession*

Sellers first argues that the evidence was insufficient to support the possession element of the offense.

To prove unlawful possession of a controlled substance, the State must prove

that:  (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband.  *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West 2010) ("'Possession' means actual care, custody, control, or management."). Possession is not required to be exclusive.  *Roberts v. State*, No. 10-14-00048-CR, 2015 Tex. App. LEXIS 78, *3-4 (Tex. App.—Waco Jan. 8, 2015, no pet. h.) (not designated for publication).

When the defendant is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must link the defendant to the substance in such a way that it can reasonably be concluded that the defendant possessed the substance and had knowledge of it.  *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  Whether this evidence is direct or circumstantial, "it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous."  *Id*. 405-406 (*quoting Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)).  Evidence which links the defendant to the controlled substance suffices for proof that he possessed it knowingly. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  It is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial. *Evans*, 202 S.W.3d at 162; *Santiesteban-Pileta v. State*, 421 S.W.3d 9, 12 (Tex. App.—Waco 2013, pet. ref'd).

*Facts*

The evidence showed that Sellers was walking down a residential street at four in the morning. As a police car without its lights on approached, he concealed himself behind a parked vehicle. Once the officer, Cassie Price, activated her overhead lights, Sellers emerged from behind the vehicle holding a multi-tool utensil with the knife blade out. Price asked Sellers to drop the knife and step away from it. He complied. While speaking with Price during the encounter, Sellers used his cell phone and made at least one call, informing Price that he was talking to a girl.

After backup arrived, Sellers was arrested on an outstanding warrant. Price then decided to search the area behind the vehicle where Sellers had been hiding. There, she found a black pouch containing 2.46 grams of methamphetamine, a shattered glass pipe, a straw, a set of scales, a small tray, several baggies, and an amount of cash. A short time later, a woman, Sherri Vannatta, arrived on the scene. Vannatta advised Price that she had come at Sellers's request to get Sellers's belongings. She told Price that the black pouch was Sellers's, and identified the pouch and confirmed at trial that it was Sellers's. Further, Sellers's cell phone, which was searched later pursuant to a warrant, showed an unsent text message to Vannatta which referenced the black pouch.

*Application*

Although Sellers was not at the specific location at the time the methamphetamine was located, we find that the evidence sufficiently linked Sellers to

the drugs to support the possession element of the offense. Sellers would like us to review and give great scrutiny to links not present in this case. However, the absence of any of the various factors discussed in other cases does not constitute evidence of innocence to be weighed against the factors present in this case. *Santiesteban-Pileta v. State*, 421 S.W.3d 9, 15 (Tex. App.—Waco 2013, pet. ref'd).

### *Intent to Deliver*

Sellers also contends the evidence is insufficient to prove that he had the intent to deliver methamphetamine.

Intent to deliver may be established by expert testimony, such as testimony from experienced law enforcement, and by circumstantial evidence. *Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Terrell v. State*, 2011 Tex. App. LEXIS 5605 (Tex. App.—Waco July 20, 2011, pet. ref'd) (not designated for publication).

### *Additional Facts*

Some of the facts that support the element of possession also support the element of intent to deliver. Those facts do not bear repeating here. Additional facts supporting the intent to deliver element are as follows.

Sgt. John Allovio testified at trial that based on his experience as a drug enforcement officer, the amount of methamphetamine recovered from the black pouch could be sold in 25 units with a total cash value of $250. Reviewing the contents of

Sellers's cell phone, Allovio identified messages, such as "r u still holding anything or r u out," and "I still got some," that were consistent with drug-dealing and were conveyed in common drug culture language. Based on the amount of meth-amphetamine recovered, the scales, the individual dosage baggies, and the text messages, Allovio formed an opinion that the evidence was indicative of someone who would be selling narcotics. Further, Allovio testified that based on the totality of the circumstances, he had no doubt that the black pouch and its contents belonged to Sellers.

*Application*

Although the black pouch was not recovered from Sellers, it was identified as being his pouch. Further, what was in the pouch, along with text messages retrieved from Sellers's cell phone sufficiently indicated that Sellers intended to deliver the methamphetamine.

*Conclusion*

Accordingly, after considering all of the evidence in the light most favorable to the verdict, we determine that, based on that evidence and reasonable inferences therefrom, a rational jury could have found beyond a reasonable doubt that Sellers knowingly possessed the methamphetamine with the intent to deliver it.

Sellers's first issue is overruled.

*Deadly Weapon*

Sellers further contends the evidence was insufficient to support the deadly weapon finding made by the jury. Specifically, Sellers contends that the evidence was insufficient to show that the knife was, in fact, a deadly weapon.

What constitutes a "deadly weapon" is determined by Section 1.07 of the Texas Penal Code. TEX. PENAL CODE ANN. § 1.07 (West 2011); *Robertson v. State*, 163 S.W.3d 730, 732 (Tex. Crim. App. 2005). A deadly weapon includes anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or anything that in the manner of its use or intended use is *capable* of causing death or serious bodily injury. *Id*. § 1.07(a)(17)(A), (B) (emphasis added). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id*. § 1.07(a)(46).

Whether any particular knife is a deadly weapon by design or usage or not a deadly weapon at all depends on the evidence. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). The plain language of the statute does not require the actor to actually intend death or serious bodily injury; an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). The placement of the word "capable" in the provision enables the statute to cover conduct

that threatens deadly force, even if the actor has no intention of actually using deadly force. *Id*.

Expert or lay testimony may be sufficient to support a deadly-weapon finding, and police officers can be expert witnesses with respect to whether a deadly weapon was used. *Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008). Furthermore, the blade need not actually have caused any injuries for it to be considered a deadly weapon. *Id*. at 691.

The knife at issue was not introduced into evidence. It was, however, described as part of a multi-tool instrument that contained other utensils, such as a screwdriver and pliers, as well as the knife. Further, when the knife blade was out, it was locked in place. To put the knife blade away would require the blade to be unlocked.

Officer Price first saw the knife when Sellers emerged from behind the car where he had been hiding. When she saw what it was, she asked Sellers to put it down and step away from it. Price was concerned about the knife because she did not want to be stabbed. Price was by herself and was concerned that Sellers, seeing a uniformed officer, would still emerge from his hiding place carrying a blade. Price agreed that, in the manner of its intended use, the knife could have caused serious bodily injury.

On the video of the encounter between Sellers and Price, Sellers could be seen coming out from behind a vehicle with something in his right hand as soon as Price stopped her patrol unit. He continued to approach her until they were about 5 feet

apart. When Price asked to see what was in Seller's hand, he showed her the blade which appeared to be about 4 inches long. After Seller's put the knife down, he backed away a few more feet from Price.

After considering all of the evidence in the light most favorable to the verdict, we determine that, based on that evidence and reasonable inferences therefrom, a rational jury could have found beyond a reasonable doubt that the knife, at the very least, was a deadly weapon by the manner of its use or intended use.

Sellers's second issue is overruled.

## CONCLUSION

Having overruled each of Sellers's issues presented on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 7, 2015
Do not publish
[CRPM]

