**Opinion filed June 9, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00256-CR

_____

### DANIEL MORENO, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 010277**

### M E M O R A N D U M   O P I N I O N

The jury convicted Daniel Moreno of the third degree felony offense of possession of marihuana in a correctional facility. *See* TEX. PENAL CODE ANN. § 38.11 (Vernon 2011). The jury found two enhancement allegations to be true and assessed punishment at confinement for a term of thirty years. The trial court sentenced appellant accordingly and ordered that the thirty-year sentence run consecutively to the sentence imposed in Cause Number 9831 out of Jones County for the felony offense of possession of a deadly weapon in a penal institution. We affirm.

*Background Facts*

In April 2007, appellant was an inmate in the French Robertson Unit of the Texas Department of Criminal Justice. On April 9, 2007, Correctional Officer Sergeant James Bales was instructed to investigate what was reported as "a suspicious smell of what might be marijuana" in the 12-D Wing at the French Robertson Unit. Sergeant Bales went to the 12-D Wing to perform searches of the cells. Sergeant Bales testified that he smelled marihuana as soon as he walked into the 12-D Wing. Appellant was located in the first cell in the area. Sergeant Bales went to appellant's cell and ordered him to submit to a strip search and to allow the application of hand restraints. Appellant refused to comply with Sergeant Bales's orders. Sergeant Bales repeated the orders, and appellant again refused to comply with them.

Appellant told Sergeant Bales, "You don't need to search no further. I've got what you want right here." Sergeant Bales testified that appellant picked up a plastic bag and placed it on a table. Sergeant Bales said that appellant took a marihuana cigarette from the bag, lit it, and started smoking it. As appellant was smoking the cigarette, Sergeant Bales smelled the odor of marihuana. Sergeant Bales reported the incident to Correctional Officer Lieutenant Adrian Correll.

Lieutenant Correll arrived at the scene. Lieutenant Correll testified that he smelled marihuana in the area. He said that appellant was smoking a hand-rolled marihuana cigarette. Lieutenant Correll said that he ordered appellant to put down the cigarette. Lieutenant Correll also ordered appellant to submit to hand restraints and to exit the cell. Appellant refused to comply with these orders. Appellant said that "he was already caught, [and] he might as well finish what he [was] doing." Lieutenant Correll said that, when appellant finished smoking the marihuana cigarette, appellant threw the cigarette butt into the toilet. Appellant then complied with the officers' orders, and Sergeant Bales escorted him out of the wing and into a different cell.

Lieutenant Correll then searched appellant's cell in the 12-D Wing. Correctional Officer Jason Kelly was present during the search. Lieutenant Correll testified that the bag on the table contained several hand-rolled marihuana cigarettes. During the search, Lieutenant Correll and Officer Kelly also found some loose marihuana in an envelope. Lieutenant Correll took the bag of marihuana cigarettes and the envelope containing the loose marihuana to his office where he photographed the items. The State introduced a copy of the photograph into evidence. The

2

photograph depicted the hand-rolled cigarettes, the lighter, the envelope, and the loose marihuana that was seized from appellant's cell.

Lieutenant Correll took the evidence to Correctional Officer Major Raleigh Breeden's office. Major Breeden testified that the substances had "a strong odor of marijuana." Major Breeden took what he described as a "small piece of the green leafy substance" and performed a field test on it. The field test confirmed that the substance was marihuana. Ronald Gloyd, an investigator for the Office of the Inspector General of the Texas Department of Criminal Justice, also performed a field test on the substance. His test also confirmed that the substance was marihuana.

Investigator Gloyd took the evidence to the Department of Public Safety Crime Lab in Abilene for testing. William L. Todsen, a forensic scientist with the DPS, tested the substances at the laboratory. That testing showed that the substance in the cigarettes was marihuana and weighed a total of 3.37 grams and that the loose substance in the bag was marihuana and weighed a total of 11.8 grams. The State filed a certificate of analysis and chain of custody affidavit before trial. The State attached a lab report showing the results of Todsen's testing. Todsen did not testify at trial. Raymond Arthur Waller Jr., the regional laboratory manager of the Abilene DPS Crime Lab, testified about Todsen's testing of the substances and the results of those tests. During Waller's testimony, the trial court admitted the certificate of analysis into evidence over appellant's objection that it was untimely filed.

## *Issues on Appeal*

Appellant does not challenge the sufficiency of the evidence to support his conviction. He presents three issues for review. In his first issue, he contends that the trial court's erroneous admission of the State's untimely filed certificate of analysis violated his Sixth Amendment right to confront the witnesses against him.[1] To support his first issue, appellant relies on *Crawford v. Washington*, 541 U.S. 36 (2004), and its progeny. In his second and third issues, appellant contends that the State made improper comments during jury argument in the punishment phase.

## *Confrontation Issue*

Appellant contends that, by admitting the certificate of analysis, the trial court denied him his Sixth Amendment right to confront and cross-examine Todsen as a witness at trial. *See Crawford*, 541 U.S. 36. Specifically, appellant contends that he was unconstitutionally denied

---

[1]The State did not file the certificate of analysis until thirteen days before trial. Therefore, the certificate was untimely filed under Article 38.41, section 4 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.41 (Vernon 2005).

the right to confront Todsen on the issue of the reliability of the testing that Todsen performed in concluding that the substances were marihuana. At trial, appellant objected to the admission of the certificate of analysis on the ground that the State did not timely file it under Article 38.41 of the Code of Criminal Procedure. Appellant did not make a Confrontation Clause objection. To preserve error for appellate review, the complaining party must make a timely, specific objection in the trial court and obtain a ruling on the objection. TEX. R. APP. P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). In addition, the issue on appeal must comport with the objection that was made at trial. *Wilson*, 71 S.W.3d at 349; *Curry v. State*, 910 S.W.2d 490, 495 (Tex. Crim. App. 1995); *Broxton*, 909 S.W.2d at 918. Appellant's Confrontation Clause claim on appeal does not comport with the objection he raised at trial. Because appellant did not raise a Confrontation Clause objection at trial, he failed to preserve the issue for appellate review. *Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

However, even assuming that appellant preserved error on his Confrontation Clause claim and that the trial court erred by admitting the certificate of analysis, we conclude that the error was harmless. *Crawford* error is constitutional in nature and, therefore, subject to a constitutional harm analysis. *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *see* TEX. R. APP. P. 44.2(a). Under this analysis, reversal is required unless the reviewing court can determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *Chapman v. California*, 386 U.S. 18, 24 (1967); Rule 44.2(a); *Langham*, 305 S.W.3d at 582. The Court of Criminal Appeals has declared the following factors to be relevant in determining whether *Crawford* error is harmless: (1) the importance of the out-of-court statement to the State's case, (2) whether the out-of-court statement was cumulative of other evidence, (3) the presence or absence of evidence corroborating or contradicting the out-of-court statement on material points, and (4) the overall strength of the prosecution's case. *Langham*, 305 S.W.3d at 582; *Scott v. State*, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007).

Todsen's lab report was attached to the certificate of analysis. In the report, Todsen concluded that the substances tested were marihuana. This "marihuana" conclusion was cumulative of other evidence presented by the State. Sergeant Bales, Lieutenant Correll, and Major Breeden testified before the certificate of analysis containing Todsen's conclusion was admitted into evidence. Sergeant Bales and Lieutenant Correll testified that they smelled the odor of marihuana in the area and that they saw appellant smoking a marihuana cigarette.

4

Lieutenant Correll seized the substances from appellant's cell, and Major Breeden performed a field test on part of the loose substance. The test confirmed that the substance was marihuana. Investigator Gloyd also performed a field test on part of the seized substances. His test also confirmed that the substance was marihuana. Thus, the State presented extensive evidence through four witnesses that appellant possessed marihuana. Considering all the evidence and the four factors set forth above, we conclude beyond a reasonable doubt that any error in admitting the certificate of analysis did not contribute to appellant's conviction or punishment and, therefore, was harmless. Appellant's first issue is overruled.

## *Jury Argument*

In his second and third issues, appellant contends that the prosecutor made improper comments during jury argument in the punishment phase. However, appellant did not object to the complained-of comments during trial. When a defendant fails to object to jury argument, he forfeits his right to raise the issue on appeal, even if the issue is constitutional in nature. *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); *Wead v. State*, 129 S.W.3d 126, 129-30 (Tex. Crim. App. 2004); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Moreno v. State*, 195 S.W.3d 321, 328-29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Therefore, appellant waived any error in the State's jury arguments. Appellant's second and third issues are overruled.

## *This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


June 9, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.