Opinion filed June 9, 2011

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00256-CR 

                                                    __________

 

                                    DANIEL
MORENO, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 010277 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Daniel Moreno of the third degree felony offense of possession
of marihuana in a correctional facility.  See Tex. Penal Code Ann. § 38.11 (Vernon 2011).  The jury found
two enhancement allegations to be true and assessed punishment at confinement
for a term of thirty years.  The trial court sentenced appellant accordingly
and ordered that the thirty-year sentence run consecutively to the sentence
imposed in Cause Number 9831 out of Jones County for the felony offense of
possession of a deadly weapon in a penal institution.  We affirm.




 

Background
Facts

            In
April 2007, appellant was an inmate in the French Robertson Unit of the Texas
Department of Criminal Justice.  On April 9, 2007, Correctional Officer Sergeant
James Bales was instructed to investigate what was reported as “a suspicious
smell of what might be marijuana” in the 12-D Wing at the French Robertson
Unit.  Sergeant Bales went to the 12-D Wing to perform searches of the cells.  Sergeant
Bales testified that he smelled marihuana as soon as he walked into the 12-D
Wing.  Appellant was located in the first cell in the area.  Sergeant Bales
went to appellant’s cell and ordered him to submit to a strip search and to
allow the application of hand restraints.  Appellant refused to comply with
Sergeant Bales’s orders.  Sergeant Bales repeated the orders, and appellant
again refused to comply with them.

            Appellant
told Sergeant Bales, “You don’t need to search no further.  I’ve got what you
want right here.”  Sergeant Bales testified that appellant picked up a plastic
bag and placed it on a table.  Sergeant Bales said that appellant took a marihuana
cigarette from the bag, lit it, and started smoking it.  As appellant was
smoking the cigarette, Sergeant Bales smelled the odor of marihuana.  Sergeant
Bales reported the incident to Correctional Officer Lieutenant Adrian Correll.

            Lieutenant
Correll arrived at the scene.  Lieutenant Correll testified that he smelled
marihuana in the area.  He said that appellant was smoking a hand-rolled marihuana
cigarette. Lieutenant Correll said that he ordered appellant to put down the
cigarette.  Lieutenant Correll also ordered appellant to submit to hand
restraints and to exit the cell.  Appellant refused to comply with these
orders. Appellant said that “he was already caught, [and] he might as well
finish what he [was] doing.”  Lieutenant Correll said that, when appellant
finished smoking the marihuana cigarette, appellant threw the cigarette butt into
the toilet.  Appellant then complied with the officers’ orders, and Sergeant
Bales escorted him out of the wing and into a different cell. 

            Lieutenant
Correll then searched appellant’s cell in the 12-D Wing.  Correctional Officer
Jason Kelly was present during the search.  Lieutenant Correll testified that
the bag on the table contained several hand-rolled marihuana cigarettes.  During
the search, Lieutenant Correll and Officer Kelly also found some loose
marihuana in an envelope.  Lieutenant Correll took the bag of marihuana
cigarettes and the envelope containing the loose marihuana to his office where he
photographed the items.  The State introduced a copy of the photograph into
evidence.  The photograph depicted the hand-rolled cigarettes, the lighter, the
envelope, and the loose marihuana that was seized from appellant’s cell.

            Lieutenant
Correll took the evidence to Correctional Officer Major Raleigh Breeden’s office. 
Major Breeden testified that the substances had “a strong odor of marijuana.”  Major Breeden
took what he described as a “small piece of the green leafy substance” and
performed a field test on it.  The field test confirmed that the substance was
marihuana.  Ronald Gloyd, an investigator for the Office of the Inspector
General of the Texas Department of Criminal Justice, also performed a field
test on the substance.  His test also confirmed that the substance was marihuana.

            Investigator
Gloyd took the evidence to the Department of Public Safety Crime Lab in Abilene
for testing.  William L. Todsen, a forensic scientist with the DPS, tested the
substances at the laboratory.  That testing showed that the substance in the
cigarettes was marihuana and weighed a total of 3.37 grams and that the loose
substance in the bag was marihuana and weighed a total of 11.8 grams.  The
State filed a certificate of analysis and chain of custody affidavit before
trial.  The State attached a lab report showing the results of Todsen’s
testing. Todsen did not testify at trial.  Raymond Arthur Waller Jr., the regional
laboratory manager of the Abilene DPS Crime Lab, testified about Todsen’s
testing of the substances and the results of those tests.  During Waller’s
testimony, the trial court admitted the certificate of analysis into evidence
over appellant’s objection that it was untimely filed.

Issues
on Appeal

            Appellant
does not challenge the sufficiency of the evidence to support his conviction. 
He presents three issues for review.  In his first issue, he contends that the
trial court’s erroneous admission of the State’s untimely filed certificate of
analysis violated his Sixth Amendment right to confront the witnesses against
him.[1] 
To support his first issue, appellant relies on Crawford v. Washington,
541 U.S. 36 (2004), and its progeny.  In his second and third issues, appellant
contends that the State made improper comments during jury argument in the
punishment phase.

Confrontation
Issue

            Appellant
contends that, by admitting the certificate of analysis, the trial court denied
him his Sixth Amendment right to confront and cross-examine Todsen as a witness
at trial.  See Crawford, 541 U.S. 36.  Specifically, appellant contends
that he was unconstitutionally denied the right to confront Todsen on the issue
of the reliability of the testing that Todsen performed in concluding that the
substances were marihuana.  At trial, appellant objected to the admission of
the certificate of analysis on the ground that the State did not timely file it
under Article 38.41 of the Code of Criminal Procedure.  Appellant did not make
a Confrontation Clause objection.  To preserve error for appellate review, the
complaining party must make a timely, specific objection in the trial court and
obtain a ruling on the objection.  Tex.
R. App. P. 33.1(a); Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002); Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995).  In addition, the issue on appeal must comport with the objection that
was made at trial.  Wilson, 71 S.W.3d at 349; Curry v. State, 910
S.W.2d 490, 495 (Tex. Crim. App. 1995); Broxton, 909 S.W.2d at 918. 
Appellant’s Confrontation Clause claim on appeal does not comport with the
objection he raised at trial.  Because appellant did not raise a Confrontation
Clause objection at trial, he failed to preserve the issue for appellate
review.  Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

            However,
even assuming that appellant preserved error on his Confrontation Clause claim
and that the trial court erred by admitting the certificate of analysis, we
conclude that the error was harmless.  Crawford error is constitutional
in nature and, therefore, subject to a constitutional harm analysis.  Langham
v. State, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); see Tex. R. App. P. 44.2(a).  Under this
analysis, reversal is required unless the reviewing court can determine beyond
a reasonable doubt that the error did not contribute to the conviction or
punishment.  Chapman v. California, 386 U.S. 18, 24 (1967); Rule
44.2(a); Langham, 305 S.W.3d at 582.  The Court of Criminal Appeals has
declared the following factors to be relevant in determining whether Crawford
error is harmless:  (1) the importance of the out-of-court statement to the
State’s case, (2) whether the out-of-court statement was cumulative of other
evidence, (3) the presence or absence of evidence corroborating or
contradicting the out-of-court statement on material points, and (4) the
overall strength of the prosecution’s case.  Langham, 305 S.W.3d at 582;
Scott v. State, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007).

            Todsen’s
lab report was attached to the certificate of analysis.  In the report, Todsen
concluded that the substances tested were marihuana.  This “marihuana”
conclusion was cumulative of other evidence presented by the State.  Sergeant
Bales, Lieutenant Correll, and Major Breeden testified before the certificate
of analysis containing Todsen’s conclusion was admitted into evidence.  Sergeant
Bales and Lieutenant Correll testified that they smelled the odor of marihuana
in the area and that they saw appellant smoking a marihuana cigarette. 
Lieutenant Correll seized the substances from appellant’s cell, and Major
Breeden performed a field test on part of the loose substance.  The test
confirmed that the substance was marihuana.  Investigator Gloyd also performed
a field test on part of the seized substances.  His test also confirmed that
the substance was marihuana.  Thus, the State presented extensive evidence
through four witnesses that appellant possessed marihuana.  Considering all the
evidence and the four factors set forth above, we conclude beyond a reasonable
doubt that any error in admitting the certificate of analysis did not
contribute to appellant’s conviction or punishment and, therefore, was
harmless.  Appellant’s first issue is overruled.  

Jury
Argument

            In
his second and third issues, appellant contends that the prosecutor made
improper comments during jury argument in the punishment phase.  However,
appellant did not object to the complained-of comments during trial.  When a
defendant fails to object to jury argument, he forfeits his right to raise the
issue on appeal, even if the issue is constitutional in nature.  Threadgill
v. State, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004); Wead v. State,
129 S.W.3d 126, 129-30 (Tex. Crim. App. 2004); Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996); Moreno v. State, 195 S.W.3d 321,
328-29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  Therefore, appellant
waived any error in the State’s jury arguments.  Appellant’s second and third
issues are overruled.

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

                                                                                                

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

June 9, 2011 

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]









                [1]The State did not file the certificate of analysis
until thirteen days before trial.  Therefore, the certificate was untimely
filed under Article 38.41, section 4 of the Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 38.41
(Vernon 2005).      





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.