**Affirmed and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00584-CR

---

**WILLIE DEWAYNE ROLAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1253231**

---

## MEMORANDUM OPINION

Appellant Willie Dewayne Roland appeals his conviction for possession of a controlled substance with intent to deliver, asserting (1) the evidence is insufficient to support his conviction; (2) his trial counsel rendered ineffective assistance by failing to

object to testimony and to a jury-charge instruction; and (3) the trial court erred in denying appellant's request for a jury-charge instruction on possession as a lesser-included offense.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged by indictment with the offense of possession of cocaine, a controlled substance weighing more than four grams and less than 200 grams, with intent to deliver.  Appellant pleaded "not guilty" to the charged offense.

At trial, the State presented evidence that law enforcement officers had been conducting a month-long, undercover surveillance of a particular home after receiving information that the occupants had been selling narcotics from the back door of the home.  Over the course of the investigation, officers observed numerous individuals arrive at the home and exchange items with another person behind burglar bars that covered the back door of the residence.  Uniformed officers conducted traffic stops of some of the individuals after they left the home; the officers recovered narcotics during many of these stops.  As part of the investigation, officers set up a "controlled buy" with a confidential informant, who purchased crack cocaine at the back of the residence.

Officers obtained and executed a search warrant of the home.  In executing the warrant, the officers entered the home through the back door, where they observed a security camera pointed outside the door.  They entered into the kitchen, where they saw in plain view and seized over 140 grams of prepared crack cocaine formed into large "cookies" the size of pancakes.  The officers also seized several scales of differing sizes, a razor blade found between sliced pieces of a crack cocaine "cookie," 287.5 grams of marijuana divided between a larger plastic bag and a smaller plastic bag, a tray with pieces of marijuana remaining on it, and small plastic bags.  Officers also seized glass beakers, a whisk, powder cocaine, baking soda, and a large glass bowl with crack cocaine still in the process of drying or "settling" into a cookie of crack cocaine.  Officers characterized the amount of contraband in the kitchen to be a large amount that was too

2

much for personal use only.  On the kitchen counter beside the marijuana, officers found a birth certificate and social security card belonging to appellant's son; the birth certificate indicated appellant was the child's father.

In an adjoining living room, officers observed appellant and a woman sitting together on a couch and facing a surveillance monitor that displayed video feed from a security camera aimed at the back door of the home; the woman was not charged.  A man in the home attempted to flee when officers entered.  The officers seized a large sum of cash in this man's possession and subsequently charged him.  A shotgun found in the residence belonged to the man who attempted to flee.  Officers found several other documents, including utility bills in appellant's name and bearing the address of the home.  Officers observed that the window to the front door of the home was covered with a large piece of wood and that a sturdier piece of wood barricaded the door.

The jury found appellant guilty as charged.  He was sentenced to twenty years' confinement.  Appellant now appeals his conviction.

## ISSUES AND ANALYSIS

### Is the evidence sufficient to support appellant's conviction?

In his first issue, appellant asserts the evidence is legally insufficient for the jury rationally to have found him guilty beyond a reasonable doubt of each element of the offense of possession with intent to deliver a controlled substance.  Appellant also asserts the evidence is legally insufficient to support his conviction under the law of parties. Alternatively, appellant asks this court to apply a factual-sufficiency analysis and to determine that the evidence is factually insufficient to support his conviction.

In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict.  *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence.  *Wicker v. State*, 667 S.W.2d

3

137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A majority of the judges of the Court of Criminal Appeals have determined that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and Cochran, J.J.); *id.* at 912–15 (Cochran, J., concurring, joined by Womack, J.) (same conclusion as plurality). Therefore, we will review the evidence under the *Jackson v. Virginia* standard as articulated in the preceding paragraph.

A person commits the offense if that person knowingly possesses with intent to deliver a controlled substance. Tex. Health & Safety Code Ann. § 481.112(a) (West 2010). Cocaine is a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.112(d). "Possession" means "actual care, custody, control, or management." Tex. Health & Safety Code Ann. § 481.002(38). To prove unlawful possession of a controlled substance, the State must establish that the accused (1) exercised care, control or management over the contraband, and (2) knew the substance was contraband.

4

*Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Evidence of knowing possession may be established through direct or circumstantial evidence, so long as the evidence establishes that an accused's connection with the substance was more than fortuitous. *Id.* at 405–06. Evidence must link the accused to the offense so that one reasonably may infer that the accused knew of the contraband's existence and exercised control over it. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Appellant claims that he was not in exclusive possession of the home, and the State did not prove that his connection, if any, to the contraband was more than fortuitous. The State is not required to show exclusive possession of an illegal substance because more than one person can jointly exercise care, custody, control, or management over a controlled substance. *See Hargrove v. State*, 211 S.W.3d 379, 385 (Tex. App.—San Antonio 2006, pet. ref'd). When, as in this case, contraband is recovered from a place other than the accused's person or a place over which the accused did not have exclusive possession, the State must prove the accused's knowledge and control over the contraband by demonstrating a link between appellant and the contraband. *See Utomi v. State*, 243 S.W.3d 75, 79 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Courts have identified a non-exhaustive list of factors that may help show an accused is linked to a controlled substance, including(1) the accused's presence when a search is conducted, (2) whether contraband was in plain view, (3) the accused's proximity to and the accessibility of the narcotic, (4) whether the accused was under the influence of narcotics at the time of the arrest, (5) whether other contraband or narcotics were found in the accused's possession, (6) any incriminating statements the accused made when arrested, (7) whether the accused made furtive gestures or attempted to flee, (8) any odor associated with the contraband, (9) the presence of other contraband or paraphernalia, (10) the accused's ownership or right to possess the place where contraband was found, (11) whether the place where the contraband was found was enclosed, (12) whether the accused was found with a large amount of cash, and (13) whether the conduct of the

accused indicated consciousness of guilt. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (discussing "affirmative links," which is legal jargon for the large variety of circumstantial evidence that may establish a knowing possession of contraband); *Roberts v. State*, 321 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2010,pet. ref'd) ("[P]resence or proximity combined with other direct or circumstantial evidence (e.g. 'links') may be sufficient to establish the elements of possession beyond a reasonable doubt."). We also have considered the presence of a large quantity of contraband as a factor for linking appellant to the contraband. *See Olivarez v. State*, 171 S.W.3d 283, 292 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The number of factors present is not as important as the logical force the factors create to prove the accused knowingly possessed the controlled substance. *Roberson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

The record reflects that following his arrest, appellant first admitted in a pretrial interview that he had lived in the home for the last year and resided there with his girlfriend and his son; later in the same interview appellant claimed to have lived alone in the home. At the home, officers found utility bills addressed to appellant and dated one month before the search; these documents allow a reasonable inference that appellant was linked to the home and exercised control over the home where the contraband was found. *See Evans*, 202 S.W.2d at 163–65 (providing that affirmative link existed between an accused and cocaine based in part on the presence of mail addressed to the accused, dated one month before, and at the address where the narcotics were discovered). This conclusion is bolstered by an officer's testimony that the home had a barricaded front door and a video surveillance system, which, based on the officer's experience, are indicative of narcotics activity. Officers testified that upon entry into the home, they observed appellant in the living room facing a video monitor that showed live footage from the camera directed at the back door of the home, allowing him to monitor those arriving at the door. A jury rationally could have concluded that these conditions indicated a consciousness of guilt, an additional link. The jury also could have

considered this evidence in concluding appellant knew about the contraband in the home and exercised care, control, custody, or management over it. *See id.* at 162 n.12; *Poindexter*, 153 S.W.3d at 405.

In addition to the evidence of appellant's control over the premises, other facts and circumstances affirmatively link appellant to the narcotics found in the home. It is undisputed that appellant was present in the home when the officers executed the search warrant. Officers found appellant sitting in a living room that is adjacent to the kitchen, where the contraband was found in plain view. *See Olivarez*, 171 S.W.3d at 291 (concluding affirmative link established in part based on evidence that marijuana was scattered throughout the house in plain view). Appellant claims that he was not in the same room with the narcotics during the search and that the narcotics in the kitchen were not easily accessible to him, nor could they have been seen by him, in the living room. But, according to an officer's testimony, although the living room and the kitchen were separated by a wall, the living room was a short distance to the kitchen; thus, a rational jury could have concluded that appellant had access to and was in close proximity with the contraband in the kitchen. *See Evans*, 202 S.W.3d at 166. On the kitchen counter beside the marijuana, officers also found the social security card and birth certificate belonging to appellant's son. The presence of these personal documents on the kitchen counter beside the contraband support a reasonable inference that appellant had knowledge of the contraband found in plain view in the kitchen. *See Evans*, 202 S.W.2d at 163–65 (concluding evidence was sufficient to support a jury's finding that appellant exercised knowing possession based in part on personal mail found in the home); *Cooper v. State*, 852 S.W.2d 678, 682 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). The presence of materials for packaging and weighing narcotics found in the kitchen along with the large quantity of contraband in plain view in the kitchen, some of it still in the process of being manufactured, supports a reasonable inference that appellant had knowledge of the contraband. *See Olivarez*, 171 S.W.3d at 291–92.

7

Appellant contends that the evidence is insufficient to establish that he exercised care, custody, control, or management over the contraband. To support this argument, appellant points to the following facts: no testimony from the one-month long surveillance investigation identified him as engaging in any of the narcotics transactions; he carried no keys to the home; he was not under the influence nor in possession of contraband at the time of his arrest; he made no incriminating statements; he did not flee or make furtive gestures; and there is no testimony of the odor of narcotics near appellant when he was arrested. But the absence of some factors that may establish an affirmative link is not evidence of innocence to be weighed against evidence connecting appellant to the narcotics. *See Hernandez v. State*, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976). The jury was entitled to make a discriminating assessment of the facts and find, beyond a reasonable doubt, that there was sufficient evidence connecting appellant to the control, management, custody or care of the cocaine. *See Evans*, 202 S.W.3d at 166. The logical force of the circumstantial evidence and the sum totality of the links is sufficient to affirmatively link appellant to the contraband and a rational jury could have found beyond a reasonable doubt that appellant knew about the contraband's existence and exercised care, control, custody, and management over the contraband. *See id.*

"Deliver" means to transfer, actually or constructively, a controlled substance to another. *See* Tex. Health & Safety Code Ann. § 481.002(8) (West 2010). Intent to deliver a controlled substance can be proven through circumstantial evidence, such as the quantity of the narcotics possessed or evidence that an accused possessed the contraband. *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.). "Intent can be inferred from the acts, words, and conduct of the accused." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). Expert testimony by an experienced law enforcement officer, as utilized in this case, may be used to establish an accused's intent to deliver. *See Mack v. State*, 859 S.W.2d 526, 529 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Factors that a reviewing court may consider in determining an intent to deliver include: (1) the nature of the location at which the accused was arrested, (2) the

quantity of the contraband in an accused's possession, (3) the manner of packaging of the narcotics, (4) the presence of or lack of narcotics paraphernalia for either use or sale, (5) large amounts of cash, and (6) the accused's status as a narcotics user. *See Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

The record contains officers' testimony that the amount of contraband recovered in plain view from appellant's home during the search was a large quantity, allowing for 10,000 usable "hits," and was associated with narcotics dealing instead of personal use. A razor blade was found between pieces of a "cookie" as if the "cookie" were being divided for sale. The officers testified to finding various scales in the kitchen, which are common implements for dividing contraband into smaller and larger portions for sale. Regarding the packaging supplies, an officer testified that the different sized bags allow for selling smaller amounts of contraband. Based on the evidence in the record, a rational jury could have found beyond a reasonable doubt that appellant possessed the contraband with intent to deliver.[1] *See id.* We overrule appellant's first issue.

**Did appellant receive ineffective assistance of counsel at trial?**

In his second issue appellant contends he received ineffective assistance of counsel because his trial counsel failed to object to an officer's testimony about possession of a controlled substance, which appellant characterizes as offering an improper legal opinion and an incorrect statement of the law. In a third issue, appellant asserts he received ineffective assistance of counsel for his trial counsel's failure to object to a jury-charge instruction that appellant claims drew unwarranted attention to his failure to testify.

Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE

---

[1] Because we conclude the evidence supports the appellant's conviction as a principal actor, we need not reach appellant's arguments that the evidence is not sufficient to support his conviction as a party to the offense.

9

CRIM. PROC. ANN. art. 1.051 (West 2005). This right necessarily includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687–92. Moreover, appellant bears the burden of proving his claims by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In assessing appellant's claims, we apply a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). If there is no hearing or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective-assistance claim. *Stults v. State*, 23 S.W.3d 198, 208–09 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). The Court of Criminal Appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). No motion for new trial was filed in this case.

10

*Failure to object to the officer's testimony*

Appellant points to Officer Castro's testimony and asserts his trial counsel should have objected to the following parts, which appellant characterizes as an improper legal opinion and a misstatement of the law of affirmative links:

> [Prosecutor]: Based on your training and experience, can somebody be in possession of crack cocaine if it is in their house?
>
> [Witness]: Yes, ma'am.
>
> [Prosecutor]: And how does that work?
>
> [Witness]: If you're somewhere in the house where the narcotics are in, then you're obviously in possession of it because you know that it's there and you're basically in the custody of it. Especially if you have, you know, your paperwork there or your keys or you have your clothing there, then obviously you live there and you're letting your friends come over there and if it's out in the open, then, hey, you're just as guilty of that.
>
> [Prosecutor]: Would you say that you try to link the person to the house and to the drugs?
>
> [Witness]: Yes, ma'am.
>
> [Prosecutor]: And how is it that you said you do that?
>
> [Witness]: Mail, pictures, sometimes light bills, lease agreements, pictures—I mean, anything you could possibly find. You know, clothing, shoes, anything you could find that you can establish that the person lives there and you know that they have some kind of connection to that location.

Nothing in this record evinces trial counsel's reason for not objecting to the testimony; we therefore presume reasonable sound trial strategy induced his silence. *See Thompson*, 9 S.W.3d at 813. Whether to object is a matter of trial strategy. *See Henderson v. State*, 704 S.W.2d 536, 538 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd). Although the record contains no express explanation for trial counsel's decision, a possible defensive strategy becomes apparent upon an examination of the record in that trial counsel vigorously disputed on cross-examination the affirmative links as applied to appellant. Perhaps trial counsel believed that attacking the particular affirmative links in the case on cross examination was more effective than objecting to the officer's

11

testimony that included hypothetical affirmative links like pictures, clothing or lease agreements, which were not applicable to this case. Given the presumption of competent representation and the deference to trial strategy, the record does not support a finding of ineffective assistance. *See Johnson v. State*, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002). We overrule appellant's second issue.

### *Failure to object to jury instruction that drew attention to appellant's failure to testify*

Appellant also asserts his trial counsel should have objected to the following jury-charge instruction:

> You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

According to appellant, the instruction drew unnecessary attention to the fact that he did not testify, amounting to a comment on his failure to testify in violation of his constitutional right against self-incrimination and not supported by the evidence.

In considering whether the instruction amounted to an impermissible comment on appellant's failure to testify, we consider whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the failure of appellant to testify. *See Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004). It is not sufficient that the instruction might be construed as an implied or indirect allusion to the defendant's failure to testify. *See id.* To violate the defendant's right against self-incrimination, the implication from the comment, when viewed from the jury's standpoint, must be clear that it referred to the defendant's failure to testify. *Bustamonte v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001).

12

The comment in question does not necessarily or clearly refer to appellant's failure to testify. *See id.* Because the instruction is not a comment on appellant's failure to testify, any objection would have been frivolous. We could hardly find counsel ineffective for failing to make a frivolous objection. In any event, on the silent record before this court, appellant has failed to rebut the strong presumption of competent representation. *See Thompson*, 9 S.W.3d at 813.

Moreover, appellant cannot show that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's allegedly deficient performance. *Strickland*, 466 U.S. at 688–92. As reflected in the record, the instructions in the jury charge that immediately precede the instruction in question state as follows:

> Our law provides that a defendant may testify in [sic] his own behalf if he elects to do so. This, however, is a right accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

> In this case, the defendant has elected not to testify and you are instructed that you cannot and must not refer to or allude to that fact throughout your deliberations or take into consideration for any purpose whatsoever as a circumstance against him.

Given this instruction, appellant has not shown that he was prejudiced. *See id.* We overrule appellant's third issue.

**Did the trial court err in denying appellant's request for a jury-charge instruction on possession as a lesser-included offense?**

In his fourth issue, appellant asserts the trial court erred in denying his request for a jury-charge instruction on possession as a lesser-included offense. We review the trial court's decision regarding a lesser-included instruction under an abuse-of-discretion standard. *Dobbins v. State*, 228 S.W.3d 761, 768 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

To warrant a jury instruction on a lesser offense in the jury charge, a defendant must demonstrate that (1) the elements of the lesser offense are contained within the proof necessary to establish the charged offense as pleaded in the State's indictment, and (2) the record contains some evidence by which a jury rationally could conclude that if the defendant is guilty, the defendant is guilty of only the lesser offense and not the greater offense. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007) (applying "pleadings approach" as sole test for determining the first step in whether a party is entitled to a lesser-offense instruction).

In this case, the first prong is satisfied. "The only difference between possession and possession with intent to deliver is the element of intent to deliver." *Pickens v. State*, 165 S.W.3d 675, 679 (Tex. Crim. App. 2005). The facts required to prove the lesser-included offense of possession are the same or less than all the facts required to establish the charged offense of possession with intent to deliver. *See id.*

We next consider whether there is some evidence that appellant is not guilty of possession with intent to deliver, but guilty of only possession. *See Hall*, 225 S.W.3d at 536. Evidence from any source may raise such a defensive issue. *Mendoza v. State*, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). It is not enough that the jury disbelieves crucial evidence pertaining to the greater offense; there must be some evidence directly germane to the lesser offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003).

The record contains testimony that the large quantity of the narcotics, which was enough to produce 10,000 usable "hits" of the narcotic, the scales, materials to manufacture the contraband, packaging materials, the razor blade found between pieces of a "cookie," the fortified exterior door, and the video surveillance system all suggested narcotics trafficking and not personal consumption. There is no evidence in the record suggesting that appellant possessed the contraband for personal use. *See Valencia v.*

14

*State*, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Appellant does not rely on any evidence that affirmatively rebuts or negates his intent to deliver the contraband; rather, appellant relies on the jury disbelieving the evidence of intent to deliver, claiming that the evidence was subject to "different interpretations." This is not sufficient to satisfy the second prong. *See id.*; *see Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). The credibility of the evidence and whether it conflicts with other evidence is not a consideration when determining whether the charge on a lesser-included offense should be given. *See Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992). Once the jurors chose to believe that appellant possessed the contraband, there is no rational basis in the record for the jurors to have believed that appellant possessed it for any reason other than sale. *See Valencia*, 51 S.W.3d at 424. Because the record contains no evidence that would have permitted a rational factfinder to conclude that appellant was guilty of only possession, the trial court did not abuse its discretion in denying appellant's requested charge on possession as a lesser-included offense. *See id.* We overrule appellant's fourth issue.

The trial court's judgment is affirmed.


/s/      Kem Thompson Frost
Justice


Panel consists of Justices Frost, McCally, and Mirabal.[*]
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[*]Senior Justice Margaret Garner Mirabal sitting by assignment.

15